IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LANELL WEEKS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-19-1525 |
| ELIZABETH CAMUTI, Esq., | * | |
| MICHELLE HANSEN, Esq., | | |
| DETECTIVE JARED BARNHART, | * | |
| AGENT CARL BRIAN HOOK, | | |
| JUDGE KENNETH M. LONG (Retired), | * | |
| JUDGE DONALD E. BEACHLEY | | |
| | * | |
| Defendants | | |

***

**MEMORANDUM OPINION**

Lanell Weeks, who is an inmate at the Maryland Correctional Training Center, filed this complaint pursuant to 42 U.S.C. § 1983 with a motion to proceed *in forma pauperis* and a motion to appoint counsel. ECF Nos. 1, 2, 3. Mr. Weeks is suing Elizabeth Camuti, an Assistant State's Attorney for Washington County, Michele Hansen, an Assistant State's Attorney for Washington County, Detective Jared Barnhart, a member of the Washington County Sheriff's Department, Agent Carl Brian Hook, who serves on the Washington County Narcotics Task Force, Judge M. Kenneth Long, a retired judge on the Circuit Court for Washington County, and Judge Donald E. Beachley, a judge on the Court of Special Appeals of Maryland,[1] in their individual and official capacities, for "selective prosecution, retaliation, discrimination, and racism" in violation of his right to due process. ECF No. 1 at 4-6. Mr. Weeks also claims that defendants committed torts against him under state law. ECF No. 1 at 4. As relief, he is seeking punitive and monetary

---

[1] The docket will be corrected to show the correct spelling of Judge Beachley's and Judge Long's names.

damages, a declaratory judgment explaining his legal rights and the legal duties and obligations of the defendants, and injunctive relief to protect him from threats of harm or retaliation.[2] ECF No. 1 at 10.

The gravamen of Mr. Weeks' complaint is that he was unfairly charged and convicted of drug charges in the Circuit Court for Washington County arising from his October 29, 2014, arrest for distribution of 1.95 grams of crack cocaine, traces of heroin and other related offenses. ECF No. 1 ¶11, 30.[3] Mr. Weeks, who describes himself as a black male, was sentenced on April 28, 2016, to twenty years, all but the ten years mandatory minimum suspended, for distribution of 0.8 grams of crack cocaine, and five years, all suspended, for distribution of traces of heroin. He contrasts his treatment with that of Amanda Lynn Taylor, the white female who acted as the police informant against him who was discovered at a later date to be in possession of .88 grams of crack cocaine, 0.4 grams of heroin and syringes with traces of crack cocaine on March 12, 2015, but was not charged with any drug offense. ECF No. 1 ¶¶ 41, 42, 43. This, he claims, shows that he was deprived of his right to a fair trial. ECF No. 1 ¶¶ 30, 31, 35, 36, 40, 42. Mr. Weeks claims that Ms. Taylor should also have been charged for breach of contract for using drugs while "employed" for Agent Hook and Assistant State's Attorney Camuti and for violating her probation. *Id*. ¶ 41. Further, Mr. Weeks claims that Agent Hook and Assistant State's Attorney Camuti targeted him in retaliation for posting a You-Tube Video of a Hagerstown Police Officer issuing a "frivolous" citation to him. *Id*. ¶¶ 13, 39. Mr. Weeks claims that he first became aware that his civil rights

---

[2] Mr. Weeks does not allege that he has received any threats, been the victim of unlawful retaliation from Defendants, or explain why he anticipates such actions.

[3] *See State v. Weeks*, Case 21-K-14-050862 (Cir. Ct. Washington Cty). Weeks' post conviction hearing is scheduled for August 22, 2019. http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=21K14050862RIM (viewed July 11, 2019).

2

had been violated when he received information on May 23, 2018, in response to his Public Information Act request.

Judges Kenneth M. Long and Judge Donald E. Beachley are Maryland state judges whom Mr. Weeks is suing for decisions made in their capacity as judges. *Id*. ¶¶ 22, 37. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester* v. *White,* 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."); *Hamilton v. Murray,* 648 Fed. App'x 344 (4th Cir. 2016) (unpublished) ("Judges possess absolute immunity for their judicial acts and are subject to liability only in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978)). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is absolute immunity; it protects a judge from suit for damages entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump,* 435 U.S. at 359). Accordingly, the court will dismiss all claims for damages against Judges Long and Beachley.

Defendants Camuti and Hansen, as state prosecutors, are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). The inquiry focuses on whether a prosecutor's actions are closely associated with judicial

process. *See Burns*, 500 U.S. at 479 (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

Decisions about whether, when or how to prosecute are part of the role of an assistant state's attorney. Mr. Weeks alleges that Ms. Camuti withheld exculpatory evidence (a video of a sex act between him and Ms. Taylor during her "employment" with Agent Hook and Ms. Camuti), Ms Camuti and Ms. Hansen were in court when Taylor admitted using narcotics while "employed" by Agent Hook, Ms. Hansen "lied in an e-mail" to defense counsel that Mr. Weeks had no community ties, and on April 28, 2016, Ms. Camuti referred to the YouTube video Mr. Weeks had posted. ECF No. 1 ¶¶ 16, 22, 23, 28.

These allegations do not show categorically that quasi-judicial immunity applies to the claims against Ms. Camuti and Ms. Hansen. However, Mr. Weeks' claims against Ms. Camuti and Ms. Hansen, the claims against Detective Barnhart and Agent Hook, and any prospective claims against Judges Long and Beachley for declaratory or injunctive must be dismissed pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-77 (1974), which held that in order to recover damages for an alleged unconstitutional conviction or imprisonment or for harm caused by unlawful actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." The rule in *Heck* likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (holding *Heck* bars declaratory judgment action challenging validity of state criminal conviction); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), *abrogated on other grounds* by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).

Here, Plaintiff's contention that he was unfairly singled out for prosecution based on race asserts a claim of selective prosecution, which would be a defense to the crime. If the claim is asserted successfully, it would imply the invalidity of the conviction. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004). Thus, the bar of *Heck* requires dismissal of Plaintiff's §1983 claim. Because the only claim over which this court has jurisdiction is being dismissed, the court declines to exercise supplemental jurisdiction over the state tort claims and they will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)

For the reasons set forth above, the court will dismiss by separate Order Mr. Weeks' monetary claims against Judge Beachley and Judge Long. All other claims against Defendants are dismissed without prejudice. Having determined the claims presented must be dismissed, the court finds no cause to grant the motion for appointment of counsel.

July 17, 2019

                                              /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge